# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT FOR JOSE DE LA CRUZ-LOPEZ

I, Luis Salinas, a Special Agent with Department of Homeland Security's ("DHS") Homeland Security Investigations ("HSI"), being duly sworn, deposes and says:

## BACKGROUND

1. I am a Special Agent employed by the Department of Homeland Security's ("DHS") Homeland Security Investigations ("HSI") and have been employed by HSI since April 2017. I received a Bachelor of Science degree in Criminal Justice from Park University. I graduated from the Federal Law Enforcement Training Center where I received training in investigating various violations of Federal law including, but not limited to, bank fraud, money laundering, narcotics and human trafficking. During my tenure with HSI, I have worked on and/or assisted on investigations involving drug violations, bulk cash smuggling, structuring, money laundering, and fraud. Prior to working with HSI, I held various investigative positions at the state and federal level, including a position as a Criminal Investigator with the United States Marine Corps and as an investigator with the Office of Executive Inspector General for the Agencies of the Illinois Governor.

2. I am assigned to HSI Charlotte, Carolina Financial Task Force. HSI Special Agents ("SA") assigned to the task force are responsible for investigating a broad range of financial crimes and enforcing immigration laws within the workplace. Their duties include identifying, investigating, and dismantling criminal organizations involved in financial fraud, money laundering, intellectual property theft, and other economic crimes that threaten national security and public safety. Additionally, they conduct worksite enforcement operations to ensure compliance with immigration laws, targeting employers who knowingly hire unauthorized

workers and exploit labor. HSI SAs operate under statutory authorities granted by the Immigration and Nationality Act ("INA"), the Homeland Security Act, and other federal statutes, enabling them to conduct criminal investigations, execute search and arrest warrants, and collaborate with other federal, state, and local agencies to uphold the integrity of the nation's economic and immigration systems.

3. My experience as a federal law enforcement officer and criminal investigator includes the investigation and prosecution of violations of criminal laws relating to unlawful entry, employment, and physical presence in the United States. My current duties include conducting criminal investigations of violations of federal statutes and administrative violations of the INA and Title 18 of the United States Code. As part of these duties, I have become involved in the investigation of suspected violations of Title 8, United States Code, Section 1324a, Unlawful Employment of Unauthorized Aliens. Through formal and on the job training, I am experienced in crimes involving the unlawful employment of aliens.

4. Your Affiant knows from previous worksite, identity theft, and document fraud investigations that there are some common indicators of immigration identity theft. In some cases, illegal aliens prefer to use the identity of a United States citizen and will do so by obtaining a valid U.S. birth certificate and Social Security number/card. The illegal aliens in turn adopt these identities and use them to gain employment.

5. This Affidavit is presented to set forth sufficient facts to support a probable cause finding for the issuance of a criminal complaint against JOSE DE LA CRUZ-LOPEZ for violating 42 U.S.C. § 408(a)(7)(B), misuse of a Social Security number, and 18 U.S.C. § 1546(b), use of a false statement or document in an immigration matter.

6. The information contained in this Affidavit is based on my personal participation in this investigation and from information provided to me by other law enforcement officers as well as investigative reports. Since this Affidavit is being submitted for the limited purpose of establishing probable cause for the arrest of the defendant identified herein, I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish the requisite foundation for a probable cause finding.

**RELEVANT LAW**

6. Section 274A of the Immigration Reform and Control Act of 1986 ("IRCA") contains provisions that require all employers to verify the employment eligibility of all new employees hired after November 6, 1986. The Form I-9 (Employment Eligibility Verification), hereinafter referred to as Form I-9, was developed for verifying that persons are eligible to work in the United States. Employers must ensure that a Form I-9 is completed every time a person is hired to perform labor or services in return for wages or other remuneration. The Form I-9 is comprised of three sections.

7. Section 1 is to be completed by the employee at the time of hire. This section contains the fields of name, address, date of birth, Social Security number, and the attestation of the employee as to their immigration status in the United States.

8. Section 2 is to be completed by the employer and consists of three separate columns for List A (Identity and Employment Eligibility), List B (Identity only), and List C (Employment Eligibility only) documents. In order for an employee to be deemed eligible to work, the employer must examine one document from List A, or one document from List B and one document from List C. Examples of List A documents include United States Passports and Forms I-551 (sometimes referred to as Permanent Resident cards or "green cards"), or Employment

Authorization cards. Examples of List B documents include driver's licenses and voter registration cards. Examples of List C documents include Social Security cards and birth certificates. The employer is required to examine original documents presented by an employee and then complete this section of the Form I-9 within three days of employment beginning.

9. Section 3 of the Form I-9, referred to as Supplement B, is completed by the employer under circumstances where the law requires an employee's status to be reverified, when an employee is terminated and rehired within three years of the date the original Form I-9 was completed, or when an employee has changed his or her name.

10. Employers must retain all Form I-9s for three years after the date a person's employment begins or one year after the person's employment is terminated, whichever is later.

**FACTS IN SUPPORT OF PROBABLE CAUSE**

11. On June 25, 2025, HSI, along with other federal and local law enforcement agencies, executed a federal search and seizure warrant on the premises of Buckeye Fire Equipment Company ("Buckeye Fire Equipment"), located at 110 Kings Road, Kings Mountain, North Carolina 28086 and 1020 JE Herndon Access Road, Kings Mountain, North Carolina 28086.

12. The warrant was authorized by the Honorable W. Carleton Metcalf, United States Magistrate Judge, U.S. District Court for the Western District of North Carolina and directed agents to seize records and evidence related to, *inter alia*, violations of 42 U.S.C. § 408(a)(7)(B), misuse of a Social Security number, and 18 U.S.C. § 1546(b), use of a false statement or document in an immigration matter, pursuant to HSI's investigation of Buckeye Fire Equipment's employment practices and certain individuals.

13. During the execution of the search warrant, law enforcement encountered JOSE DE LA CRUZ-LOPEZ.

14. Prior to any questioning, JOSE DE LA CRUZ-LOPEZ was read his *Miranda* rights. Thereafter, he stated his name was JOSE DE LA CRUZ-LOPEZ.

15. Law enforcement subsequently determined that JOSE DE LA CRUZ-LOPEZ was an alien who did not have lawful status to be in the United States.

16. Accordingly, JOSE DE LA CRUZ-LOPEZ was administratively arrested by HSI pursuant to the Immigration and Nationality Act, 8 U.S.C. §§ 1101, *et seq.* and 8 U.S.C. § 1357. JOSE DE LA CRUZ-LOPEZ was subsequently transported to an Immigration and Customs Enforcement ("ICE") Detention Facility located at 6130 Tyvola Center Drive, Charlotte, North Carolina 28217.

### HSI Interview of JOSE DE LA CRUZ-LOPEZ

17. On June 27, 2025, at approximately 3:09 p.m., your Affiant and SA Willie Carswell interviewed JOSE DE LA CRUZ-LOPEZ. The interview was conducted at the ICE Detention Facility in Charlotte, North Carolina. The interview was conducted by your Affiant in Spanish, JOSE DE LA CRUZ-LOPEZ's primary language.

18. Prior to any questioning, your Affiant advised JOSE DE LA CRUZ-LOPEZ of his rights per *Miranda*. JOSE DE LA CRUZ-LOPEZ acknowledged his rights both verbally and in writing by signing the rights advisement form provided to him. JOSE DE LA CRUZ-LOPEZ voluntarily waived his rights and elected to make a statement without the presence of an attorney.

19. JOSE DE LA CRUZ-LOPEZ stated that he was from Vera Cruz, Mexico and had been in the United States approximately four years. JOSE DE LA CRUZ-LOPEZ stated that he crossed into the United States from Mexico near Laredo, Texas.

20. JOSE DE LA CRUZ-LOPEZ stated he did not have immigration status in the United States. When asked what name he was working under at Buckeye Fire Equipment, JOSE

DE LA CRUZ-LOPEZ stated, "Michael Christian Cruz." JOSE DE LA CRUZ-LOPEZ stated that Michael Christian Cruz was a friend of his with legal status in the United States; however, JOSE DE LA CRUZ-LOPEZ did not know the type of status.

21. JOSE DE LA CRUZ-LOPEZ stated that Michael Christian Cruz loaned JOSE DE LA CRUZ-LOPEZ Michael Christian Cruz's identity so that JOSE DE LA CRUZ-LOPEZ could obtain employment. JOSE DE LA CRUZ-LOPEZ stated he had been working at Buckeye Fire Equipment since approximately 2022. JOSE DE LA CRUZ-LOPEZ stated he applied to work at Buckeye Fire Equipment online and later received a phone call from a representative of Buckeye Fire Equipment informing him that he was hired. JOSE DE LA CRUZ-LOPEZ stated he presented himself at Buckeye Fire Equipment and met with a human resource representative.

22. JOSE DE LA CRUZ-LOPEZ stated that he provided the Buckeye Fire Equipment representative a Social Security card and identification under the identity of Michael Christian Cruz. JOSE DE LA CRUZ-LOPEZ stated the identification card he provided to Buckeye Fire Equipment contained JOSE DE LA CRUZ-LOPEZ's image. JOSE DE LA CRUZ-LOPEZ stated that he paid $100 to a male acquaintance to produce the fictitious identification card. JOSE DE LA CRUZ-LOPEZ stated that he did not know the male acquaintance who made the identification card and does not know where the male acquaintance is currently located.

23. As for the Social Security card, JOSE DE LA CRUZ-LOPEZ stated that he had made a copy from the actual Social Security card belonging to Michael Christian Cruz and presented a copy to Buckeye Fire Equipment. When asked if he disclosed to Buckeye Fire Equipment that he was not Michael Christian Cruz, JOSE DE LA CRUZ-LOPEZ stated he did not.

24. JOSE DE LA CRUZ-LOPEZ added that Michael Christian Cruz allowed JOSE DE LA CRUZ-LOPEZ to use Michael Christian Cruz's identity to work and in return, Michael Christian Cruz would file income tax returns.

25. When asked if Buckeye Fire Equipment knew that JOSE DE LA CRUZ-LOPEZ was not really Michael Christian Cruz, JOSE DE LA CRUZ-LOPEZ stated that he did not think so.

26. JOSE DE LA CRUZ-LOPEZ stated that Buckeye Fire Equipment paid him through a debit card. When asked where Michael Christian Cruz was located, JOSE DE LA CRUZ-LOPEZ stated he no longer had contact with Michael Christian Cruz and that he believed Michael Christian Cruz had moved to another state approximately two years ago. JOSE DE LA CRUZ-LOPEZ acknowledged that it was wrong for him to use an identity not belonging to him to obtain work.

**Analysis of Michael Christian Cruz Form I-9 Submitted by JOSE DE LA CRUZ-LOPEZ**

27. HSI then identified the corresponding Form I-9 submitted by JOSE DE LA CRUZ-LOPEZ under the name "Michael Christian Cruz" that was within Buckeye Fire Equipment's records. The Form I-9 includes certain warnings about the penalties associated with the provision of false information. Specifically, the Form I-9 states that "**I am aware that federal law provides for imprisonment and/or fines for false statements or use of false documents in connection with the completion of this form.**" (emphasis in original).

28. Notwithstanding these warnings, as set forth in the Form- I-9 below, JOSE DE LA CRUZ-LOPEZ falsely provided Michael Christian Cruz's name, date of birth, and Social Security number, falsely presented himself as Michael Christian Cruz, and falsely stated "I attest, under the penalty of perjury, that I am . . . 'a citizen of the United States.'" The Form I-9 is dated September 21, 2022.

![Form I-9 Employment Eligibility Verification completed in the name of Michael Christian Cruz, signed 09/21/2022]

29. Attached to the Form I-9, JOSE DE LA CRUZ-LOPEZ submitted a fraudulent Texas Driver's License in the name of Michael Christian Cruz, but with a photograph of JOSE DE LA CRUZ-LOPEZ.



30. Also attached to the Form I-9, JOSE DE LA CRUZ-LOPEZ falsely submitted a Social Security card in the name of Michael Christian Cruz[1].



31. A review of law enforcement databases confirmed that the Social Security number ▇▇▇-▇▇-1000 is, in fact, assigned to Michael Christian Cruz.

## CONCLUSION

32. Based upon my training and experience and on the facts in this Affidavit, there is probable cause to believe that JOSE DE LA CRUZ-LOPEZ violated 42 U.S.C. § 408(a)(7)(B), misuse of a Social Security number, and 18 U.S.C. § 1546(b), use of a false statement or document in an immigration matter. I respectfully request that the Court issue a criminal complaint and arrest warrant for the same.

*This Affidavit was reviewed by AUSA Mark Odulio and SAUSA Eric Frick.*

Respectfully submitted,

Luis Salinas
Special Agent, Homeland Security
Investigations

---

[1] Your Affiant has not determined as of this date if this Social Security card is, in fact, legitimate.

SUBSCRIBED and SWORN to before me on this 1st day of June 2025.

_____
THE HONORABLE SUSAN C. RODRIGUEZ
UNITED STATES MAGISTRATE JUDGE